# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JINCHAO WEI, a.k.a. Patrick Wei,<br><br>　　　　　　Defendant. | Case No. 23CR1471-H<br><br>**ORDER GRANTING GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)** |

　　The Court, having carefully considered the Government's *Ex Parte, In Camera,* Under Seal Motion and Memorandum of Law for a Protective Order, and the declaration(s) filed therewith, **GRANTS** the Government's Motion for a Protective Order in its entirety.

　　The Court finds that the Government's Motion for a Protective Order was properly filed *ex parte, in camera*, for this Court's review, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Fed. R. Crim. P. 16(d)(1). The Court has conducted an *ex parte, in camera* review of the Government's classified Motion and the supporting classified materials.

　　On the basis of the Court's review of the arguments set forth in the Government's Motion and Memorandum of Law, and the supporting classified materials, the Court finds that the classified information referenced in the Government's Motion and Memorandum of Law implicates the Government's state-secrets privilege because the information is

properly classified and its disclosure reasonably could be expected to harm the national security of the United States. Furthermore, the Court finds that none of the classified information is exculpatory. *See Brady v. Maryland*, 373 U.S. 83 (1963).

Additionally, the Court finds that the "relevant and helpful" standard articulated in *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989), is the appropriate standard by which to analyze whether the Government must disclose in discovery classified information where, as here, the Government has properly invoked the state-secrets privilege. *See United States v. Alahmedalabdaloklah*, 94 F.4th 782, 812-13 (9th Cir. 2024). To this end, the Court finds that in applying the *Roviaro/Yunis* standard, none of the classified information referenced in the Government's Motion is relevant and helpful to the defense. In addition, the Court finds that defendant's interest in disclosure of the classified information is substantially outweighed by the Government's interest in protecting national security information and the sources and methods by which it is obtained. The Court also finds that the withholdings authorized by this Order are consistent with the Government's discovery obligations under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny.

Accordingly, **IT IS ORDERED** that the Government is authorized to withhold the specified classified information outlined above from discovery to the defendant.

**IT IS FURTHER ORDERED** that the Government's Motion and Memorandum of Law and the accompanying exhibit(s) shall not be disclosed to the defendant, and shall be sealed and maintained in a facility appropriate for the storage of classified information by the Classified Information Security Officer as the designee of the Clerk of Court, in accordance with established security procedures, for any further review, until further notice of this Court.

IT IS SO ORDERED.

DATED: 6/10/2024.

HONORABLE MARILYN L. HUFF
United States District Judge
Senior

2