# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JINCHAO WEI, a.k.a. Patrick Wei,<br><br>　　　　　　　　　　Defendant. | Case No.: 23-cr-01471-H-1<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL SENTENCING MEMORANDUM** |

　　　A sentencing hearing in the above case is currently schedule for Monday, January 12, 2026 at 1:30 p.m. (Doc. No. 165.) On January 6, 2026, Defendant, represented by retained counsel, filed a sentencing memorandum along with a motion to file the sentencing memorandum under seal.

　　　The First Amendment of the U.S. Constitution provides the public with a right of access to criminal proceedings and documents therein. United States v. Doe, 870 F.3d 991, 996 (9th Cir. 2017) (citing Press-Enter. Co. v. Super. Ct., 478 U.S. 1, 8 (1986)). The Ninth Circuit has specifically held that "a qualified First Amendment right of public access attaches to in-court sentencing proceedings." Id. at 997.

　　　Where the public has a qualified First Amendment right of access, criminal proceedings and documents may be closed to the public without violating the First Amendment only if three substantive requirements are satisfied: (1) closure serves a

compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest. Id. at 998. In addition, any closure of public access must be narrowly tailored to serve the compelling interest at issue. Id. at 997.

Here, Defendant has shown that there are compelling reasons for sealing the portions of the sentencing memorandum concerning Defendant's psychological evaluation and that there is a substantial probability that harm might result absent the sealing of those portions of the memorandum. However, Defendant's sealing request is not narrowly tailored. Defendant has not shown a compelling interest for sealing the remainder of the sentencing memorandum. As such, the Court grants in part and denies in part Defendant's request to file the sentencing memorandum under seal.

The Court orders as follow:

1. The Court orders the Clerk of Court to file the unredacted sentencing memorandum under seal;

2. The Court orders the Clerk of Court to provide the Government with a copy of the unredacted sentencing memorandum;

3. Defendant must file a redacted version of the sentencing memorandum (redacting out of the quote from the psychological evaluation) prior to the January 12, 2026 sentencing hearing.

4. Defense counsel must review the presentence report and all sentencing material with Defendant in advance of the January 12, 2026 sentencing hearing.

**IT IS SO ORDERED.**

DATED: January 7, 2026

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT