UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

--oOo--

UNITED STATES OF AMERICA,   ) Case No. 23CR1471-H
                            )
          Plaintiff,        ) San Diego, California
                            )
vs.                         ) Wednesday,
                            ) August 20, 2025
JINCHAO WEI,                ) 9:00 a.m.
                            )
          Defendant.        )
_____) VOLUME VI

TRANSCRIPT OF TRIAL
BEFORE THE HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE, and a jury

APPEARANCES:

For the Plaintiff:          ADAM P. BARRY, ESQ.
                            United States Attorney's
                              Office
                            601 D Street, Northwest
                            Washington, DC 20579

                            JOHN N. PARMLEY, ESQ.
                            United States Attorney's
                              Office
                            880 Front Street, Suite 6293
                            San Diego, California 92101
                            (619) 557-5610

For the Defendant:          MICHAEL J. BERTOLA, II, ESQ.
                            Rudolph Baker & Associates
                            419 19th Street
                            San Diego, California 92102
                            (909) 499-3465

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

VI-ii

APPEARANCES:  (cont'd.)

For the Defendant:                SEAN M. JONES, ESQ.
                                  Jones Trial Attorneys
                                  401 B Street, Suite 2010
                                  San Diego, California 92101
                                  (619) 732-6377

Transcript Ordered by:            TODD W. BURNS, ESQ.

Court Recorder:                   Lynnette Lawrence
                                  United States District Court
                                  333 Broadway
                                  San Diego, California 92101

Transcriber:                      Jessica Reuter
                                  Echo Reporting, Inc.
                                  9711 Cactus Street, Suite B
                                  Lakeside, California 92040
                                  (858) 453-7590

VI-iii



I N D E X

| WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| (None.) | | | | |

| EXHIBITS: | | IDENTIFIED | RECEIVED |
|---|---|---|---|
| Plaintiff's | | | |
| (None.) | | | |
| Defendant's | | | |
| (None.) | | | |
| Court's: | | | |
| 2    Jury note | | VI- 2 | -- |
| 3    Jury note | | VI- 9 | -- |

VI-1

SAN DIEGO, CALIFORNIA  WEDNESDAY, AUGUST 20, 2025 9:00 A.M.

--oOo--

(Call to order of the Court.)

THE COURT:  We're outside the presence of the jury.  We're on the record.

We've received a note which the clerk has marked as Court's Exhibit 2.  "Do we have to decide guilty or not guilty on all counts, or can there be hung on any counts?"

MR. PARMLEY:  Well, the answer is, yes, they can.  The question is, what should the Court instruct them?

THE COURT:  Correct.

MR. PARMLEY:  And I -- our -- what we were thinking, your Honor, is we don't know -- if they had said, we are deadlocked, that's a different situation.  And so --

THE COURT:  Correct.  Or if they said they have a verdict, I would take the verdict on the counts that they have -- that they have.

MR. PARMLEY:  Correct.  So I think what I propose -- we were looking at -- Court's instruction 33, which is the jury instruction 33 the Court gave yesterday, which is kind of the closing instruction.  And I think either referring to that instruction or reading parts of it again might be appropriate.  But, basically, your -- for example, you know, it talks about the floor person at first.  You wouldn't need emphasize that, but you'll discuss your case

VI-2

with your fellow jurors.  Your verdict, whether guilty or not guilty, must be unanimous.  Each of you must decide the case for yourself.  Don't change (sic) your opinion if the discussion persuades you that you should.  I mean, that's the instructions I think on reaching a verdict I think. That might be an appropriate way to handle this.

I think if the Court said, yes, I don't know what effect that would have, but -- because we don't know whether or not they are deadlocked.  I mean, we could make a presumption that they are on certain counts, but we don't know.

THE COURT:  And, also, whether I would give an Allen charge.

MR. PARMLEY:  Right.  And that --

THE COURT:  Because it's only been half a day and --

MR. PARMLEY:  Yeah.  We certainly don't think that's appropriate --

THE COURT:  -- a little bit this morning.

MR. PARMLEY:  -- a, because they haven't said they're deadlocked, and, b, because it's only been a half a day.  So, a non-answered?

MR. PARMLEY:  Yeah.  Referring them to jury instruction 33, and if you want to read portions of that, I wouldn't have any objection to that.  that would be our

VI-3

proposal I think.

MR. BERTOLA:  Yeah, I agree with that.  I think it could be helpful to -- if there's confusion about their ability to reach a verdict on certain counts and remain hung on the other, I think it'd be fine to answer in the affirmative, that of course that's fine.

THE COURT:  What about --

MR. BERTOLA:  And I agree with the People's proposal regarding instruction 33.

THE COURT:  -- what about also --

MR. BERTOLA:  I do know that the model instructions also have I think four options --

THE COURT:  The one that says your verdict on --

MR. BERTOLA:  -- for the deadlock, but I don't think we're there yet.

THE COURT:  Yeah, but that's not -- we're not there yet.

Twelve, "your verdict on one count should not control your verdict on any other count."

MR. BERTOLA:  I agree with that.

MR. PARMLEY:  Yeah.  I mean, that seems to answer the question.  I think --

THE COURT:  We'll bring them.  And you don't -- what you don't know on this, is it just one juror asking or if they just want to know, or if they are having difficulty?

VI-4

MR. PARMLEY:  Correct.

MR. BARRY:  Now we'd emphasize it.

MR. PARMLEY:  Well, sorry, your Honor.  Before we bring them in -- sorry.

THE COURT:  Okay.

MR. PARMLEY:  I don't -- looking at exhibit -- or, sorry, instruction 38, I don't know if -- they haven't said anything inappropriate.  I think that's -- you know, don't tell me how you're split, don't tell me numerically.  I don't know that we need to -- I'm not sure.

THE COURT:  I should probably say that, too.

MR. PARMLEY:  I -- probably.

THE COURT:  You're not to tell anyone, including me, how the jury stands on the question submitted to you until you've reached a unanimous verdict or have been discharged.  But they're saying, okay, so we have maybe one -- maybe one on some, but maybe not on others.  Now what do we do?

MR. PARMLEY:  That might open up another question.  So, I'm just positing that as something we might need to do, but I'm not certain we should.  Because they could say, okay, now we've got a verdict on some things.  What do we do?  You're right, they could ask that.

Let me look at it one more time, your Honor.  Give me on minute.

VI-5

THE COURT:  Am I free to send out one, do you have a verdict on any counts?

MR. PARMLEY:  I just know how fraught with peril these questions can be for appellate purposes.  I would -- I would wait until they volunteer that.  They -- because it's almost -- the way they phrase the question was hypothetical, you know, if.  So, I mean, we're certainly leaning into it, that they have reached --

THE COURT:  Can I say, your question's not specific enough for the Court to respond?

MR. PARMLEY:  I would probably -- I would suggest what -- the Court's prior approach, and then -- and at the end say, if you have a more specific question --

THE COURT:  Let -- let us know.

MR. PARMLEY:  -- let us know.  Yes.

THE COURT:  Is that all right?

MR. BERTOLA:  Yeah, or, potentially, if and when a verdict is reached on one or more counts, you can inform the Court then.

MR. PARMLEY:  That's be fine.

THE COURT:  Both agree on that?  All right.  Thank you.  So, I will say --

MR. PARMLEY:  And then we can deal with that when we get to it.

THE COURT:  -- portions of 33, Court's instruction

VI-6

12, and then say, if and when a verdict is reached on any counts, please let me know.

All agreed?

MR. PARMLEY:  Yes.  And under those circumstances, I suppose if they are still deliberating on other counts, you could take a partial verdict.

THE COURT:  Correct.  We could take a partial verdict, and then decide whether I instruct them --

MR. PARMLEY:  Yeah.

THE COURT:  -- to continue or --

MR. PARMLEY:  Just --

THE COURT:  -- whether they're hopelessly deadlocked on the others.

MR. PARMLEY:  Sealed, partial verdict, yes.

MR. BERTOLA:  Yeah.

THE COURT:  All right.  Thank you.

We'll bring out the jury.

(Jury enters courtroom.)

THE COURT:  Welcome back and good morning.  Your question is, do we have to decide guilty or not guilty on all counts, or can we be hung on any counts?

I refer you to Court's instruction 33.  You are to discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.  Each of you must decide the case

VI-7

for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict, but of course only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.  Perform these duties fairly and impartially.

It is your duty to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to re-examine your own views and change your opinion if you become persuaded that it is wrong.

I also direct you to Court's instruction number 12.  A separate crime is charged against the Defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

If during the course of the deliberations you have reached a verdict on certain counts, you may let the Court

VI-8

know about that, and then I'll consult with the parties and decide what we should do.

Thank you.

(Jurors exit courtroom.)

THE CLERK:  All done.

THE COURT:  Thank you.

THE CLERK:  Thank you.

THE COURT:  So, we're outside the presence of the jury.  Yesterday when you were present in another court or doing something else, counsel raised an issue about during opening -- during the final argument, you said that the failure to -- for him to testify was on you.

Technically, I believe that's improper, although my former blessed colleague, Judge Enright, when he was a defense counsel would do the same thing.  Wild horses couldn't -- couldn't prevent my client from testifying, but I said, no.

So, I did want to get it further on the record directly from you.  You did discuss with your client the option of testifying and not testifying, and ultimately you -- it was your recommendation based on your skill and experience, but ultimately it was your client's decision, is that correct?

MR. JONES:  That is correct.

THE COURT:  All right.  Thank you.

VI-9

MR. PARMLEY:  I appreciate that, your Honor. Thank you.

MR. BARRY:  Thank you.

THE COURT:  We'll be in recess.  Don't go far away.

(Proceedings recessed briefly.)

THE COURT:  Welcome back.  We're outside the presence of the jury.  We've received a note, Court's Exhibit Number 3.  The jury has arrived at a unanimous verdict for all charges signed by the floor person.

We'll bring out the jury.

Can you first bring it to me?

(Jury enters courtroom.)

THE COURT:  Members of the jury, have you reached a verdict?

JUROR NUMBER 10:  Yes, your Honor.

THE COURT:  Can you hand it to the bailiff?

United States District Court, Southern  District of California, Case Number 23CR1471-H.  United States of America versus Jinchao Wei, aka, Patrick Wei, Defendant.

Verdict.  We the jury in the above-entitled cause find the Defendant Jinchao Wei guilty of the offense of conspiracy to commit espionage as alleged in count one of the indictment.

Guilty of the offense of espionage as alleged in

VI-10

count two of the indictment.

Guilty of the offense of conspiracy to violate the Arms Export Control Act as alleged in count three of the indictment.

Guilty of the offense of violating the Arms Export Control Act as alleged in count four of the indictment, boiler water/feed water technical manual.

Guilty of the offense of violating the Arms Export Control Act as alleged in count five of the indictment, propulsion operating guide.

Guilty of the offense of violating the Arms Export Control Act as alleged in count six of the indictment, weapons control systems manual.

Not guilty of the offense of naturalization fraud as alleged in count seven of the indictment.

Signed by the floor person, date, August 20, 2025, San Diego, California.

You need to inquire?

Ladies and gentlemen of the jury, is this your verdict as presented in red, and the verdict of each of you, so say you all?

THE JURY:  Yes.

THE COURT:  We'll poll the jury.

Juror Number 1?

JUROR NUMBER 1:  Yes.

THE COURT:  Juror Number 2?

JUROR NUMBER 2:  Yes.

THE COURT:  Juror Number 3?

JUROR NUMBER 3:  Yes.

THE COURT:  Juror Number 4?

JUROR NUMBER 4:  Yes.

THE COURT:  Juror Number 5?

JUROR NUMBER 5:  Yes.

THE COURT:  Juror Number 6?

JUROR NUMBER 6:  Yes.

THE COURT:  Juror Number 7?

JUROR NUMBER 7:  Yes.

THE COURT:  Juror Number 8?

JUROR NUMBER 8:  Yes.

THE COURT:  Juror Number 9?

JUROR NUMBER 9:  Yes.

THE COURT:  Juror Number 10?

JUROR NUMBER 10:  Yes.

THE COURT:  Juror Number 11?

JUROR NUMBER 11:  Yes.

THE COURT:  Juror Number 12?

JUROR NUMBER 12:  Yes.

THE COURT:  And thank you for being our floor person.

I appreciate the time and attention that you've

VI-12

given to this very interesting case.  By coincidence, on Monday there was this very large ship -- and my chambers is right over here, leaving the port, and it was ship number four.  So we looked on-line, and it was the Boxer, a very similar ship leaving the port.

So I think you learned a lot in this case from -- to me, some of the striking matters is simply when they're going through TSA, the FBI capturing your password, and other matters.

I understand on the naturalization fraud how you could have some questions because of the timing of that. And it's a little difficult to say what crimes have you done and expect somebody to say, well, I answer it, although that is a requirement under the law.

And so I do want to thank you.  I pulled just a couple of news articles.  They're pretty much what happened in court, and so I'll have them pass these out to you.

And I do think it shows -- this case shows the importance of our military, the importance of each facet of our military.  How perhaps one small segment can provide the link for our adversaries to do us harm.  The importance of command in control, following the training that you've been given to say if somebody does approach you, you do need to report it, and this whole event could have been avoided.

And so, I really do appreciate all the time and

VI-13

attention that you've given to this case.  I also want to commend both sides, the lawyers, because it takes a lot of work to pull of the evidence together, to get prepared every day, to make your best case here in court, and I think the fact that you deliberated very thoroughly shows that both sides then presented this case fairly to you.

What will happen now is the court orders a pre-sentence investigation and report, and our U.S. Probation prepares a very thorough report that takes into consideration all of the information.  And then we set a sentence date for that.  Both sides have an opportunity to then fully brief the case to me, and then raise any mitigating or aggravating information that is presented in the pre-sentence report or presented in anything that they wish to submit to me.  And then they set for sentencing. And then the case then can go on appeal also as to any issue that the Defendant has for appellate review.

So, thank you very much.  I'm going to relieve you from your admonition.  So you're free to speak to anybody.

On the notebooks, you're free to take them if you wish, or you're free to leave them here if you wish.  The pens, we ask that you leave, so that we can reuse them again.

And then I do want to caution you.  If somebody does approach you to speak with them -- a lot of times the

VI-14

lawyers like to talk to you out in the hallway. And I found from other cases that some jurors feel threatened by having everybody there. So, if you don't want to speak, then just go to the hallway. If you do want to talk to them about it, they like to know what your thought process is and what was good, what you thought could be presented a little bit better.

I understand your initial question about the boiler one, and I had to go back to the PowerPoint of the Government's closing to see which exhibits they had referenced, because it happened so quickly, that I'm not allowed to then guide you to the exhibits under our trial process.

So, if you do -- do not want to talk to them, that's fine. And anything that you say in court could be used to try to undermine your verdict later. So that's totally up to you whether you wish to speak with them or not.

Thank you very much. You're dismissed.

(Jury is dismissed.)

UNIDENTIFIED SPEAKER: They have -- they were in the middle of eating lunch. Is it okay if they finish their lunch and then leave, or do you want them --

THE COURT: If they want to stay and finish their lunch, that's fine --

VI-15

UNIDENTIFIED SPEAKER:  Yeah.  Some of them --

THE COURT:  -- or if they want to go, that's fine.

UNIDENTIFIED SPEAKER:  I'll let them know.

THE COURT:  Just -- just tell them it's their option.

UNIDENTIFIED SPEAKER:  Okay.

MR. BARRY:  It must be a good lunch.

THE COURT:  [12:09:12].

MR. BARRY:  Wow.  It's not that good.

THE CLERK:  Where is it from?

THE COURT:  And you have the jury instructions? And then we'll collect -- can you collect the exhibits now --

MR. PARMLEY:  Can we please --

THE COURT:  -- and we'll give them to the Government.

MR. PARMLEY:  We need to get a card [12:09:43].

THE COURT:  You can put them in the cart.

MR. PARMLEY:  We can do it without a cart?  We can do it without a cart?

THE CLERK:  No, we have the one cart.

MR. PARMLEY:  We can have one in here?

THE CLERK:  Yeah.

THE COURT:  Do you have a box or a cart?

MR. PARMLEY:  Yeah, we'll figure that, your Honor.

VI-16

THE CLERK:  We have the one with the manuals in it.

THE COURT:  Well, don't the manuals take up --

MR. PARMLEY:  Yeah, we'll take --

THE COURT:  -- a little bit?

MR. PARMLEY:  Well, we can probably pile them on top.

THE CLERK:  We can put it on top.

MR. PARMLEY:  If not, your Honor, we'll grab a box.  We'll make sure we take care of it shortly.

THE COURT:  Sentence date?  December 1 at --

MR. PARMLEY:  10:00?

THE COURT:  -- at 9:00 a.m.

MR. PARMLEY:  9:00 a.m.?  That's fine with the Government, your Honor.

MR. JONES:  That's fine, your Honor.

THE COURT:  They're free to go.

MR. BARRY:  They just love each other so much.

MR. PARMLEY:  I don't want to talk to anybody.

MR. BARRY:  I don't either.

MR. PARMLEY:  I may not be, but I don't --

THE COURT:  Bye.  Thank you.

MR. BARRY:  Just thank them and see them, and that's it.

Thank you.

VI-17

MR. PARMLEY:  Thank you.

(Pause.)

THE COURT:  And can you tell them if they do want to stay, then just stay outside in the hallway if they want to speak.

UNIDENTIFIED SPEAKER:  Okay.

THE COURT:  You may be seated.  You're free to stay or go as you please.

MR. PARMLEY:  Thank you, your Honor.

THE COURT:  Some of them may want to talk.  I don't know.

MR. PARMLEY:  Okay.

UNIDENTIFIED SPEAKER:  You should be -- but, again, they just left lunch spread out --

THE COURT:  I think we can go off the record.

(Proceedings recessed.)

VI-18

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/Jessica Reuter                    3/2/26
Transcriber                          Date

FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

/s/L.L. Francisco
L.L. Francisco, President
Echo Reporting, Inc.