UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,        )  Case No. 23CR1471-H
                                 )
            Plaintiff,           )  San Diego, California
                                 )
vs.                              )  Monday,
                                 )  August 21, 2023
JINCHAO WEI,                     )  10:00 a.m.
                                 )
            Defendant.           )
_____)

TRANSCRIPT OF MOTION HEARING/TRIAL SETTING
BEFORE THE HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:            JOHN N. PARMLEY, ESQ.
                             FRED A. SHEPPARD, ESQ.
                             United States Attorney's Office
                             880 Front Street
                             Suite 6293
                             (619) 557-5610

For the Defendant:           JASON T. CONFORTI, ESQ.
                             Law Office of Jason T. Conforti
                             600 West Broadway
                             Suite 700
                             San Diego, California 92101
                             (619) 274-8036

Transcript Ordered by;        TODD W. BURNS, ESQ.

Court Recorder:              Lynnette Lawrence
                             United States District Court
                             333 West Broadway
                             San Diego, California 92101

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

*Echo Reporting, Inc.*

ii

Transcriber:                    Chinago Okonta
                                Echo Reporting, Inc.
                                9711 Cactus Street, Suite B
                                Lakeside, California 92101
                                (858) 453-7590

1

SAN DIEGO, CALIFORNIA  MONDAY, AUGUST 21, 2023 10:00 A.M.

--oOo--

THE CLERK:  Calling matter number 7, 23CR1471, United States of America versus Jinchao Wei, for a motion hearing trial setting.

MR. PARMLEY:  Good morning, your Honor.  John Parmley and Fred Sheppard for the United States.

THE COURT:  Good morning.

MR. CONFORTI:  Good morning, your Honor.  Jason Conforti on behalf of Mr. Wei who is in custody and will be present shortly.

THE COURT:  Good morning.

Good morning.  The Court previously issued a protective order concerning discovery in this case on August 14, 2023.  And pending before the Court is the Government's motion for pre-trial conference pursuant to the CIPA, Classified Information Procedures Act, and supporting memorandum of law regarding statutory procedures for handling classified information.

This Court previously handled a CIPA case many years ago, Plemathisius (phonetic), which is cited in the Government's motion.  And the Government specifically would like the Court to designate an individual -- a supervisory security specialist as the CIPA officer, the SISO for this case.  And the Court believes that that's appropriate.

2

The Court also inquired of the parties whether any court personnel would need to have a security clearance, whether Defense counsel would need to have a security clearance, and what special procedures would be warranted in this case.  And then the Court has the assistance of the classified information security officer who is separate, not affiliated with the Government or the Defense, but is an assistant to the Court to make sure that the proper procedures are being followed.

Have I summarized it correctly?

MR. PARMLEY:  That is correct, your Honor.  I have -- we have discussed matters.  We don't believe that Defense counsel will need to be cleared for any matters with regards to this case.  Your Honor will, and likely some staff within, your Honor.  The SISO would deal directly with your Honor and chambers with regards to that.  Given that the Ninth Circuit employs, at least as was reiterated recently before the Ninth Circuit, the state secrets privilege in regards to CIPA, it will take a little bit longer in the briefing schedule.  I anticipate having, as indicated, a proposed order for setting out that briefing schedule and possible procedures approximately a week ahead of the next date.  I had included a tentative date for the next -- the CIPA status conference.

THE COURT:  That's the Section 2?

MR. PARMLEY:  The Section 2 calendar.

3

THE COURT:  Which is fairly standard.

MR. PARMLEY:  Yes.  September 25th, because that was --

THE COURT:  I'm out of town.

MR. PARMLEY:  That's fine.  The only reason I --

THE COURT:  I could do September 28th.  That might be assuming I get back in town.  I could do -- oh, I said -- October 2, we could do in the afternoon.  Does it need to be sooner?

MR. PARMLEY:  It does not, your Honor.  That's fine.  October 2nd is fine, your Honor.

THE COURT:  Okay.  And then should we make it separate from the other criminal matters at 1:30?

MR. PARMLEY:  It probably would be better that way, your Honor.

THE COURT:  All right.  So we'll set it for 1:30 on October 2.

MR. PARMLEY:  And then the only other thing I wanted to update just for purposes is the first round of discovery has gone out.  A second round with regards to some downloads will go out either end of this week or the beginning of next.  We have talked extensively with Defense counsel to update him throughout with regards to this.  And I believe he is -- has an oral motion that would be followed by a written motion that he wants to inform the Court.

4

THE COURT:  Thank you.

And then for the Section 2 hearing, would the Court need to have a court reporter rather than an ECR reporter?

MR. PARMLEY:  Your Honor, I don't know the answer to it, to be honest.  I will find out.

THE COURT:  The SISO had indicated that perhaps we need a court reporter.

MR. PARMLEY:  Then I would follow his -- I would --

THE COURT:  I don't know about the -- for the Section 2 matter, whether that can go forward without, because I only have an ECR reporter.

MR. PARMLEY:  So I anticipate that the Section 2, as long as we could have it essentially bifurcated from any other matters, could go forward with the ECR, and we could just seal in the normal course.  If there are other matters in chambers or et cetera that you would have to have at some point, then we can deal with those after next -- the next court date.

THE COURT:  All right.  Thank you.  And you have a motion.

MR. CONFORTI:  Yes, your Honor, I have a few things to address.

First motion, and I can put a written motion on file as well, would be a motion to clear the case complex, given the novel issues of fact and law concerning Mr. Wei --

5

THE COURT:  The Court --

MR. CONFORTI:  -- and the nature of the discovery.

THE COURT:  The Court agrees.

MR. CONFORTI:  Yeah.  And also the fact that the initial discovery production was a two-terabyte drive that I provided them and just got back on Friday.  I think there's sufficient basis to declare this case complex and take it out of this normal course of the Speedy Trial Act issue.

The other motion I would be making with that would be --

THE COURT:  And let me ask, does the Government have any disagreement with that?

MR. PARMLEY:  We don't disagree with -- or we don't oppose the motion to declare the case complex.  The two-terabyte hard drive is meant to encompass all discovery during the course of the case, so it could be kept in one place.  So it will fill up.  I don't believe it'll reach two terabytes, but in the abundance of caution, we asked for a two-terabyte drive.

THE COURT:  Thank you.

MR. CONFORTI:  And, your Honor, I would also ask leave to file --

THE COURT:  The Court declares the case complex, but you will make a formal motion in writing and then submit that to the Court.

6

MR. CONFORTI:  Yes, your Honor.

THE COURT:  Thank you.

MR. CONFORTI:  And then I would also be requesting leave to file further motions and specifically relevant discovery motions.  Given the fact that I received this drive on Friday, I haven't had a chance to look at it to get a view of the panorama of the field of discovery, as well as any relevant Rule 12 motions that may need to be filed later.  And then --

THE COURT:  You may, and it may be, depending on the nature of the motions.  I've already issued the protective order.  And then the Court has appointed the SISO for this case.  If any special requirements need to be complied with as far as filing documents under seal, then the Court will advise you as well.

MR. CONFORTI:  Understood, your Honor.

And then the last issue.  I would request that the Government begin the process of security clearance for Defense counsel.  It's one of the issues in this case is, you know, they put notice on the record that there's FISA information, that they intend to use that.  In order to get to the root of the basis of that foreign intelligence surveillance under Section 702, which I imagine they relied on initially, there's going to need to be disclosure of information.  And I highly doubt that all of this classified information that's laid out

7

-- alluded to in paragraph six in the indictment that my client had access to has all been now declassified, to the extent that I would have the full view of discovery that I would be entitled to under a normal criminal case under Rule 16 and Brady.  You know, for example, the identification of Co-conspirator A, highly relevant to preparing a defense and understanding what's going on here, yet to be disclosed.  And I would believe that that's at least one of the targets under the Section 702 FISA surveillance that would need to be identified so I can begin to understand the discovery and prepare my defense.

And I'm just alluding to some of the issues I see in the sense that if I'm willing to go through the process to get screened and get my security clearance, then that wouldn't be a bar to producing discovery and cause unnecessary delay later.  And if we need to have briefing on this in the future, I'm happy to do that.

Those are just some of the issues I see, and I think the Court's ruling on declaring the case complex will give us a chance to work through some of those, so that I have the full extent of discovery I need in order to explore and prepare a defense, rule out any potential viable defenses, as well as to obtain the information necessary under Brady for any potential sentencing issues or mitigation.

THE COURT:  Obviously, you raise valid points.  But

8

the mere fact that you have a security clearance doesn't in and of itself give you access to classified information if the Court determines that it should be segregated from the rest of the matter.  And that's the whole purpose of the CIPA procedures.

MR. CONFORTI:  Understood.  There may be a substitute document, there may be a summary, or they may choose to change the charges altogether.  And I get that.  I'm just trying to foreshadow and eliminate potential issues that may be avoided.  I understand I don't have control of those.

MR. PARMLEY:  I think it would -- I think some of the questions that are being raised by Counsel will be answered by a review of the first round of discovery.  And then we could reconvene.  But the fact of the matter is that what's contained in this indictment and the charging language has already been declassified, hence the filing of the indictment in this matter.  The CIPA that I believe will go forward in good faith to this Court will involve matters that do not involve Defense counsel, as your Honor is already aware and alluded to to some degree.  If that changes during the course of it -- I don't anticipate that that would, but if it does, then we would cross that bridge at that time.  But we don't undertake these requests et cetera for some type of clearances when, as your Honor has already alluded to, just because you have a clearance doesn't mean you have a need to

9

know.  It's just the way it works in this regard.  So, for now, I would ask that we just maintain the current course at this point.

THE COURT:  What would Defense counsel have to do to get a security clearance?

MR. PARMLEY:  It would have to be -- it would depend -- A, it would depend on what type of clearance the individual needs to have.  Obviously, there is secret, top secret -- I mean, there's a multitude of clearances that are involved.  It would depend upon what clearance would be necessary for what material, if at all, which couldn't be known until such point in time as that we have the opportunity before this Court to address certain matters.  Because they're just -- I can't say.  I mean, there would obviously be some kind of background check, financials, interviews, et cetera, but it would be necessarily dependent upon the type and level of clearance that would be involved.  I just -- it's just premature.  And I really do believe that once Counsel reviews the first level of discovery here -- I've offered to sit down with him on reverse proffers to walk him and his client through.  Obviously, his -- nothing would -- anything said in there would never be held against him, et cetera, and all protected.  And I also believe that once we moved past that first level of CIPA litigation with the Court, then I think at that point in time all the parties would come together, maybe

10

not in the same room, but we would be on the same page as to where we stood. And I just don't believe that a security clearance -- I don't believe is going to be necessary at all. It's certainly not necessary to order it at this time, your Honor. That's all I would ask.

THE COURT: Thank you.

Let's proceed with the Section 2 hearing on the date that we said, and then you're free to file motions. And once you've reviewed the first round of the discovery, things may be more clear to you.

MR. CONFORTI: Thank you, your Honor.

THE COURT: Anything further?

MR. PARMLEY: I only ask that the -- time be excluded in the interest of justice as well as pending motions before the Court, including the CIPA motion, as well as the oral motion by Counsel.

THE COURT: Thank you.

MR. CONFORTI: No opposition.

THE COURT: The Court finds valid excludable time both in the interest of justice and for pending motions.

MR. PARMLEY: Thank you, your Honor.

THE COURT: Thank you.

MR. SHEPPARD: Thank you, your Honor.

MR. CONFORTI: Thank you, your Honor.

THE CLERK: And that concludes all matters. And

11

we're off the record.

THE COURT:  Will the --

THE CLERK:  I just started it again.

THE COURT:  That's okay.

Will Counsel submit the revised motion with the correct date now?

MR. PARMLEY:  Yes.

THE COURT:  Thank you.

MR. PARMLEY:  I will do it today.

THE COURT:  Can we do that today?

MR. PARMLEY:  Yes.

THE COURT:  Thank you.

MR. CONFORTI:  Thank you, your Honor.

THE CLERK:  And we are off the record.

(Proceedings concluded.)

12

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/Chinago Okonta            3/2/2026
Transcriber                  Date

FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

/s/L.L. Francisco
L.L. Francisco, President
Echo Reporting, Inc.