UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    )  Case No. 23CR1471-H
                             )
          Plaintiff,         )  San Diego, California
                             )
vs.                          )  Monday,
                             )  March 18, 2024
JINCHAO WEI,                 )  10:00 a.m.
                             )
          Defendant.         )
_____)

TRANSCRIPT OF STATUS HEARING
BEFORE THE HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:           FRED A. SHEPPARD, ESQ.
                             JOHN N. PARMLEY, ESQ.
                             United States Attorney's
                               Office
                             880 Front Street
                             Suite 6293
                             (619) 557-5610

For Defendant:               JASON T. CONFORTI, ESQ.
                             Law Office of Jason T. Conforti
                             600 West Broadway
                             Suite 700
                             San Diego, California 92101
                             (619) 274-8036

Transcript Ordered by:       TODD W. BURNS, ESQ.

Court Recorder:              Lynnette Lawrence
                             United States District Court
                             333 West Broadway
                             San Diego, California 92101

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

ii

Transcriber:                    Chinago Okonta
                                Echo Reporting, Inc.
                                9711 Cactus Street, Suite B
                                Lakeside, California 92101
                                (858) 453-7590

1

SAN DIEGO, CALIFORNIA  MONDAY, MARCH 18, 2024 10:00 A.M.

--oOo--

THE CLERK:  Calling number 7, 23CR1471, United States of America versus Jinchao Wei, for a status hearing.

MR. SHEPPARD:  Fred Sheppard and John Parmley on behalf of the United States.

MR. PARMLEY:  Good morning.

MR. CONFORTI:  Good morning, your Honor.  Jason Conforti on behalf of Mr. Wei, who is in custody and will be present shortly.

THE COURT:  And this is status and motion hearing.

MR. SHEPPARD:  I had it down for just a status, and we're going to be talking about future dates that the Government has proposed.

MR. CONFORTI:  I believe it is a status hearing for the future dates with regards to that, your Honor.

THE COURT:  Thank you.

The Defendant is before the Court.  He's been arraigned on a superseding indictment.  Is that correct?

MR. SHEPPARD:  Yes, your Honor.

MR. CONFORTI:  Yes, your Honor.

THE COURT:  And then the parties had agreed to have this hearing be a status hearing and then to discuss additional dates.  Is that right?

MR. SHEPPARD:  That is correct.  We had put forth a

2

motion for those dates.  I believe Counsel is not on board with all of those dates at present.

THE COURT:  And then we also have pending the Defendant's motion to disclose the FISA-related material necessary to litigate motions for discovery and to suppress the fruits or derivatives of electronic surveillance and any other means of foreign intelligence gathering.  The Defendant argues specifically that the FISA applications for electronic surveillance of Defendant's e-mail accounts may fail to establish probable cause that Defendant or whomever was targeted was an agent of a foreign power.  The FISA applications may contain intentional or reckless material, falsehoods, or omissions and therefore may violate the Fourth Amendment principles identified in Franks vs. Delaware.  The primary purpose of the electronic surveillance was to obtain evidence of domestic criminal activity and not foreign intelligence information, or capturing foreign intelligence information was not a significant purpose of the FISA surveillance.  Four, the FISA surveillance may have been based impermissibly on activity protected by the First Amendment.  Five, the Government may not have made the required certifications in the FISA applications or may have failed to obtain necessary extensions of prior FISA orders or continued the FISA surveillance after any basis for such initial surveillance was no longer valid.  Six, the Government may not

3

have established or abided by the appropriate minimization procedures required by FISA.  And, seven, the Government may have violated other provisions of FISA and/or the First -- and/or Fourth Amendments in manners unknown to Mr. Wei.

In response to those motions, the Government filed an extensive brief, both with redacted and unredacted matters, for the Court and asked the Court to do an ex parte and in-camera review of the FISA matters.

MR. SHEPPARD:  That is correct, your Honor.  We filed obviously an unclassified version publicly, which was provided to Counsel and put in the public docket.  We obviously provided to your Honor a classified form of that, along with various exhibits that were delivered, as I understand, by the security officer to chambers to your Honor.

THE COURT:  And the Court has conducted its review.  And when the Defense is ready to argue those at the appropriate date or respond, then the Court is prepared to rule.

MR. CONFORTI:  I appreciate the Court's opening there.  And that's where I was going, because it was set for a status.  I'm in the process -- the Government's reply and response to my motions was lengthy.  I think it was 96 pages.  But some of that was, you know, table of contents, table of authorities.  The point is we're getting to that area where it's a specialized practice of law, and so I'm in the process

4

-- and this dovetails into the scheduling issues I'm having as well is, I'm reaching out to certain consultants that are experts in these sort of FISA-related matters and national security matters.  I mean, there's been a handful of these cases around the country.  And because there's so few of them, getting them on board and knowing what their schedules are is a little bit difficult.  So what I have proposed, your Honor, part in preparation for responding to the Government's documents, because we didn't have a hearing set for it, is I'm talking to them about that.  Number two, I'm talking to them about going forward with Mr. Wei's defense and sort of what their future looks like as far as timing.  The Government has proposed some dates that I'm not in a position to agree to at this point because I don't have confirmation from who's going to be on my Defense team initially now related to these matters, as well as what their schedule is.

So what I've proposed, your Honor, is perhaps a status conference re scheduling in three to four weeks out, where I have a better idea, and the proposed dates from the Government may work, right?  I don't want to say affirmatively no.  I just cannot agree to them right now, such as a motion filing deadline of May 31st and a trial of November 12th, because if I'm engaging certain experts to defend Mr. Wei at a trial, I need to make sure they're available.

MR. SHEPPARD:  So I guess there are two parts to

5

this, perhaps, maybe.  One is whether or not Counsel wishes to file a reply to our response in the FISA and then set that matter for a hearing.  Maybe that would be appropriate in four weeks, and it could double as a status hearing at that point for dates.  But I would ask that we put dates on file at this point.

THE COURT:  I agree.  I think -- well, I think that the law as set forth in the Government's memorandum is quite well settled, and the Defense has filed its motion attacking those matters.  The Court has done its in-camera review. We'll permit you to file a reply, and then we'll proceed beyond the FISA matters to the other matters.

MR. SHEPPARD:  And the other matters, quite frankly, are matters that come up in criminal cases all the time, whether there will be a motion to suppress statements, whether there will be a motion to suppress evidence from the search warrant affidavits.  And that -- those aren't necessarily matters I wouldn't imagine that Counsel would (indiscernible) otherwise experts in.  We confront those in cases routinely around, and we can set that hearing.  If for some reason -- what I would ask is, we would set these dates, and if Counsel comes back and says, "Listen, I have consulted, and I need this person or expert on my team," and for some reason they can't be there on that trial, again, that's something new.  But at this point, we can set down -- these

6

motions are many months out.  It allows for Counsel to move forward with his pre-trial motions.  I mean, the Government is moving forward on a two-lane track at this point because we are still doing CIPA, of which Counsel is now involved with in regards to this, and we would be preparing to respond to any pre-trial motions regarding motions to suppress.

So I would ask that we set these dates.  We can set an interim if Counsel wants to come back and argue as far as a motion above and beyond the pleadings at that particular point in time or wishes time to file a reply to our response, then sure, that is fine, obviously, to set that out if he wishes to argue above and beyond the briefings in this matter.  But we believe it is well briefed at this particular point in time by all three filings, and I would ask to move forward with the dates, your Honor.

THE COURT:  So the Government filed its response to the motions to disclose the FISA-related matters and suppress the fruits or derivatives of electronic surveillance on March 8th.  And so four weeks -- I would think four weeks would be sufficient for you to file your reply, which would give -- so if we did four weeks from today's date, that would be April 8th for your reply.  Oh, April 15th, my clerk says.  And then the Government had proposed -- you're saying May 31 would be --

MR. SHEPPARD:  Just a filing deadline, your Honor,

7

for the initial -- it would be our filing deadline under seal ex parte for the CIPA.  It would be Counsel to file whatever public pre-trial motion, motion -- if he's going to, motion to suppress statement, motion to suppress evidence from search warrant affidavits, or whatever public -- I don't want to say routine, but normal criminal course motions would be filed. And then that hearing would be in July 15th.  It would allow --

THE COURT:  I'm not available --

MR. SHEPPARD:  Okay.

THE COURT:  -- most likely at that time.  So I would suggest -- which gives him some additional time -- August 12th for the hearing, and let's do that at 1:30 --

MR. SHEPPARD:  Okay.

THE COURT:  -- absent further order of the Court. And I do think that the October 17th date is reasonable, and I do think that the November 12th trial date is reasonable as well.  We should also have, in addition to the jury trial date, motions in limine hearing, and I'll put that on November -- is November 11 a holiday?  Let's see.

MR. SHEPPARD:  Your Honor, for trial purposes, may I be heard?  The Government anticipates this trial is going to take a week.  I've had a trip planned for over a year with my family.  I'm leaving on November 15th, and I'll be out until the 22nd.

8

THE COURT:  Okay.  We'll change that for you.

MR. SHEPPARD:  Thank you.

THE COURT:  How about beginning of -- when do you get back?

MR. SHEPPARD:  I get back the 22nd.

THE COURT:  Okay.  So --

MR. SHEPPARD:  The first week of December and second week of December are wide open.

THE COURT:  Oh, let's do December 3 for jury trial and December 2 for motions in limine.

MR. SHEPPARD:  Okay.

THE COURT:  But then the expert deadline last because there might be litigation over the experts, and I think it's reasonable for both sides to have notice.

UNIDENTIFIED SPEAKER:  Makes sense.

MR. SHEPPARD:  The other thing I would ask, your Honor, is if Counsel wishes to have argument on the FISA briefings or to submit on the papers, if we would -- do you want to wait until August, or would we hear that beforehand?

THE COURT:  I think we should set a specific hearing on the FISA.

MR. SHEPPARD:  I would agree, your Honor.  I would ask for it to be set either at the end of April or beginning of May.

THE COURT:  So if your filing is due on April 15 --

9

let me look at my April calendar.  How about April 22?

MR. SHEPPARD:  That's fine by the United States, your Honor.

MR. CONFORTI:  That works, your Honor.  At what time?

THE COURT:  And let's put that also at 1:30.

MR. CONFORTI:  Okay.

THE COURT:  So the Court does find valid excludable time under the Speedy Trial Act, and it previously found that this case was complex.  The Court will continue its finding on both issues, both on -- for pending motions and then also that the case is complex.  Any objection to that?

MR. SHEPPARD:  No, your Honor.

MR. CONFORTI:  No, your Honor.

THE COURT:  For the next hearing on the FISA, that doesn't require a special court reporter.  For the CIPA matter, will that require a court reporter?

MR. SHEPPARD:  It should not, your Honor.  In fact, there should not be any argument.  I don't want to presume, obviously, but, generally, no.

THE COURT:  All right.

MR. SHEPPARD:  And a special court reporter for the FISA --

THE COURT:  I've been told not.

MR. SHEPPARD:  There shouldn't be.  That's correct.

10

I mean, I -- there should not be.  Correct.

Can I -- I was going to suggest I would submit a proposed order, a scheduling order, to the Court if it would --

THE COURT:  That would be helpful.

MR. SHEPPARD:  -- if it would prefer.  Okay.

THE COURT:  That incorporates these dates?

MR. SHEPPARD:  Yes.

THE COURT:  Yes, that would be helpful.

MR. SHEPPARD:  I will pass it to Counsel today.

THE COURT:  Show Counsel, and then we'll set that in place.

MR. SHEPPARD:  We'll submit it to court by tomorrow.  I'll get it to Counsel this afternoon.

THE COURT:  Now, as far as discovery that's been given to Counsel, you've turned over information to Counsel?

MR. SHEPPARD:  We have turned over the search warrant affidavits.  He obviously has the search warrant downloads, et cetera, from various devices.  He has matters that came from all searches or recordings that -- for which there was authorization at this particular point in time.  It has been (indiscernible) over that we would intend to use with regards to this case.  Moving forward, we are -- if there is outstanding discovery that we are gathering at this point, we -- obviously, we'll turn it over.  But certainly with regards

11

to any motions to suppress statements or search warrant affidavits or fruits from those, those materials have been provided to Counsel.

THE COURT:  Thank you.  Anything else to review today?

MR. CONFORTI:  I don't believe for today, your Honor.  I think we're okay.

MR. SHEPPARD:  No, your Honor.

THE COURT:  All right.  Thank you.

The Court finds valid excludable time under the Speedy Trial Act, and I'll await the Government's order that sets forth the dates that we've discussed and the Court has ordered here today.  And those are obviously subject to modification for good cause shown, but the Court does believe, given its understanding of the case, that the schedule proposed is reasonable and fair and just and comports with due process.

MR. CONFORTI:  Thank you, your Honor.

MR. SHEPPARD:  Thank you, your Honor.

MR. PARMLEY:  Thank you, your Honor.

THE COURT:  Thank you.

UNIDENTIFIED SPEAKER:  Thank you.

THE CLERK:  And that concludes all matters, and we're off the record.

(Proceedings concluded.)

12

I certify that the foregoing is a correct transcript from the electronic sound recording of the

13

proceedings in the above-entitled matter.

/s/Chinago Okonta _____   3/2/2026 _____
Transcriber                          Date

FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

/s/L.L. Francisco _____
L.L. Francisco, President
Echo Reporting, Inc.