UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 23CR1471-H |
| | ) | |
| Plaintiff, | ) | San Diego, California |
| | ) | |
| vs. | ) | Monday, |
| | ) | October 2, 2023 |
| JINCHAO WEI, | ) | 1:30 p.m. |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TRANSCRIPT OF PRETRIAL CONFERENCE
BEFORE THE HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:               ADAM P. BARRY, ESQ.
                                 United States Attorney's Office
                                 601 D Street, Northwest
                                 Washington, DC 20579

                                 JOHN N. PARMLEY, ESQ.
                                 FRED A. SHEPPARD, ESQ.
                                 United States Attorney's Office
                                 880 Front Street
                                 Suite 6293
                                 (619) 557-5610

For the Defendant:               JASON T. CONFORTI, ESQ.
                                 Law Office of Jason T. Conforti
                                 600 West Broadway
                                 Suite 700
                                 San Diego, California 92101
                                 (619) 274-8036

Transcript Ordered by:           TODD W. BURNS, ESQ.


Proceedings recorded by electronic sound recording; transcript produced by transcription service.

ii

Court Recorder:                    Lynnette Lawrence
                                   United States District Court
                                   333 West Broadway
                                   San Diego, California 92101

Transcriber:                       Chinago Okonta
                                   Echo Reporting, Inc.
                                   9711 Cactus Street, Suite B
                                   Lakeside, California 92101
                                   (858) 453-7590

1

SAN DIEGO, CALIFORNIA  MONDAY, OCTOBER 2, 2023 1:30 PM

--oOo--

THE CLERK:  Calling matter number 15, 23CR1471, United States of America versus Jinchao Wei for a pre-trial conference.

MR. CONFORTI:  Good afternoon, your Honor.  Jason Conforti on behalf of Mr. Wei, who is in custody and should be present shortly.

MR. SHEPPARD:  Good afternoon, your Honor.  Fred Sheppard and John Parmley from the US Attorney's of the Southern District of California, Adam Barry from National Security Division in Main Justice, your Honor, on behalf of the United States.

THE COURT:  Welcome to all.

MR. SHEPPARD:  Thank you, your Honor.

UNIDENTIFIED SPEAKER:  Thank you, your Honor.

THE COURT:  I received a proposed order declaring the case complex from Defense.  It found -- and we'll address it when the Defendant comes here.  Did you receive a copy?

MR. SHEPPARD:  I did your Honor.  I'll wait until the Defendant comes in.

THE COURT:  Mr. Wei is before the Court.

Please recall the case, and then you can state your appearances.

THE CLERK:  Calling matter number 15, 23CR1471,

2

United States of America versus Jinchao Wei, for a pre-trial conference.

MR. CONFORTI:  Good afternoon, your Honor.  Jason Conforti on behalf of Mr. Wei, who is present before the Court in custody.

THE COURT:  Good afternoon.

MR. SHEPPARD:  Good afternoon, your Honor.  Fred Sheppard, John Parmley, and Adam Barry on behalf of the United States.

THE COURT:  Good afternoon.

The Court has received two proposed orders.  One from Defense counsel declaring the case complex.  The Court previously declared the case complex on August 21, 2023, so I believe your last line should be changed to say, "Commences on August 21, 2023."  And I don't think that there should be an arbitrary end date.  I don't think that under most cases that could be complex, we can necessarily say at this time that it will be done in one year.  It could be done in six months, or it could be done longer, depending on the proceedings.

MR. SHEPPARD:  That -- If I may, your Honor, that was my understanding, and what I had told Defense counsel is that I would ask to incorporate that finding of complex declaration into our proposed order, but only until the next hearing date, and then any proposed order or any order after that, we would reincorporate to the extent necessary at that

3

particular point in time going further out, et cetera.  I don't think there's any objection to that.

THE COURT:  Any objection?

MR. CONFORTI:  No, your Honor.

THE COURT:  All right.  Well, I could also do his, and then just change "commences on August 21, 2023 period."

MR. SHEPPARD:  That's fine.

THE COURT:  And we can modify that.

All right.  Then should we say "commences on August 21, 2023, and continues as long as the Court deems it complex"?

MR. SHEPPARD:  I would ask if it's kind of a -- the presumption the other way, "Would continue unless there's a contrary finding by the Court."  That way the complexity declaration is the status quo.

THE COURT:  Any objection?

MR. CONFORTI:  No objection, your Honor.

THE COURT:  Thank you.

All right.  This is a Section 2 hearing.  The Government has submitted a proposed order for a schedule, and you submitted that to Counsel as well.

MR. SHEPPARD:  I have.  He was copied.  Yes, your Honor.

THE COURT:  Are there any changes or modifications to the Government's proposed order?

4

MR. CONFORTI:  At this time, no, your Honor.  I think we're in agreement.  The only reservation I have is if I should need more time, given once we get into some of this discovery in the briefing schedule, I may need additional time.  As of right now, I think this looks appropriate.  It doesn't look unworkable.  But this is something that's sort of novel.  The Government has more resources and sort of a bigger brain trust over there, so they could perhaps get things done a bit quicker.  But if I need more time, I just want to make it clear that I would reach out to Counsel and the Court ahead of any of these filing deadlines.  It would only be to potentially extend them for a short period of time for briefing as opposed to shorten them.

THE COURT:  So, as far as the next status, the next status would be February 12, 2024.  So that would give you plenty of time between now and then.  And then you do need a Mandarin interpreter on the discovery.  Have you arranged for that?

MR. CONFORTI:  I do have one.  And then on a logistical matter, because of the potential where this case may go, I have to go through some budgeting style procedures to get enough authorization for that interpreter.  But we're in the process of doing that.

THE COURT:  And are you working with Emily of the Court here on that or some other --

5

MR. CONFORTI:  It has to --

THE COURT:  -- budgeting procedure?

MR. CONFORTI:  We have to go through Emily.  And then because of the anticipated budgeting, we'll have to go through the Ninth Circuit clerk.  And there's the big other -- that elephant in the room about the potential shutdown and -- but we're trying to just go forward as if everything is normal.

THE COURT:  All right.

MR. SHEPPARD:  And I would also point out that for at least the most pertinent material, we have provided translations and will provide translations of those materials already.

THE COURT:  That would be helpful.

MR. SHEPPARD:  The bulk of what hasn't been translated will also already be, save the Defendant's own iCloud or the Defendant's Gmail.  So to the extent that there is that requirement, we're also talking about the Defendant's own holdings in that regard.

I would point out -- I just want to be clear, though, that the one date that is in there is the November 1st for a filing of any motions to suppress or for compelling any type of discovery for the FISA.  I would ask that that date, absent some extraordinary reason, hold firm because it's that date that triggers, as your Honor is aware, a whole host of

6

actions by us, and we need that to occur before we can undertake what amounts to be multiple months.

I've talked with Defense counsel.  And what we had hoped is that we would submit a proposed order -- meet and confer before the next court date and submit a proposed order laying out a briefing and hearing schedule for a substantive pre-trial motions outside of FISA but ahead of the motions in limine, should this matter proceed down that route.

The other update that I would give to the Court would be that there -- there's been multiple items that were passed or we allege that were passed by the Defendant.  A good deal of those items had been under review by the State Department for export controls.  Counsel and the Defendant already had the items.  Last week, we got a determination of multiple other items that did fit within that definition of export control.  To the extent -- and we are meeting tomorrow morning, all of us.  To the extent that we don't resolve this matter, we would likely supersede to add additional export counts based on this most recent determination and/or any other determination of the outstanding items that have been submitted to the State for which we are awaiting determinations.

THE COURT:  And you've discussed this with Counsel?

MR. SHEPPARD:  I have.

THE COURT:  So is it realistic that you can meet

7

the November 1, 2023 -- and it's only the deadline for you to submit a motion to suppress or compel disclosure concerning the FISA.

MR. CONFORTI:  I'm going to try my best to make that November 1st date, or if within the next -- I would anticipate, within the next two weeks, I would probably know if I'll need additional time, and I would let Counsel know right away.  And one of the big tipping points will be once I get the discovery hard drive back, because they're filling some of the stuff for me, and our meeting tomorrow.  We're going to learn really quickly which course this case is headed in the short term, and I would let everybody know if I need to extend that filing deadline by a couple of weeks or not.

MR. SHEPPARD:  That's fine, your Honor.

I imagine some more talks tomorrow, even if we aren't resolving it regarding the FISA process, at least would probably be fruitful.

THE COURT:  Thank you.

So the Court is signing the order as modified.  The Court finds excludable delay under Title 18 United States Code Section 3161(h)(7)(E)(ii) commences on August 21, 2023, and continues unless there is a contrary finding by the Court.

MR. SHEPPARD:  Much appreciated, your Honor.

THE COURT:  We'll file that.  And then I will file the proposed order subject to modifications for good cause

*Echo Reporting, Inc.*

8

shown by the Defense, but encourage the Defense to work expeditiously on this case and diligently as in any case, recognizing that due to the serious nature, it depends on how the case plays out as to whether this schedule is realistic or whether it has to be modified for good cause shown.

MR. SHEPPARD:  Thank you, your Honor.

THE COURT:  And then you are working -- do you need the Court's action at all with respect to the Ninth Circuit budget person or our court person to expedite?  Because I do think the Mandarin interpreter is warranted.

MR. CONFORTI:  I don't believe so.  I'm going to be following up with our clerk here, the CJA liaison, Ms. Barr (phonetic), and dealing, in my understanding, primarily with her.  And then the last time I had to deal with this issue was directly with the Ninth Circuit clerk.

THE COURT:  All right.  And you'll do that --

MR. CONFORTI:  I will.

THE COURT:  -- expeditiously.  Thank you.

Are there any other areas of inquiry that we need to discuss today?

MR. SHEPPARD:  No, your Honor.  I just -- is it okay if, again, we would submit the -- hopefully, a joint or, if not, separate proposed orders approximately one week ahead of the next court date?  Or would you like them earlier or --

THE COURT:  One Week ahead of the next court date

9

is fine.

MR. SHEPPARD:  Okay.  Then we'll do so.  And we will meet and confer ahead of that to try and come -- I imagine we can come up with a joint briefing and hearing schedule to propose at least.

THE COURT:  Thank you.

And so should we set the status hearing for then February -- is that a Monday?  Let's check.  February 12th.

MR. SHEPPARD:  I think it's maybe a holiday -- might be.

THE COURT:  It's a Monday.

MR. SHEPPARD:  Okay.

THE COURT:  Not a holiday.

MR. SHEPPARD:  It's not a holiday.  Okay.  I was trying to --

THE COURT:  And that would also be at 1:30.

MR. SHEPPARD:  Okay, your Honor.  Yes.

THE COURT:  And then you will alert the Court if there needs to be a court reporter rather than a ECR.

MR. SHEPPARD:  Yes.

THE COURT:  ECF.

MR. SHEPPARD:  Yes.

THE COURT:  ECR.

Is there anything further for the -- from the Government or the Defense?

10

MR. SHEPPARD:  Not from the United States, your Honor.

MR. CONFORTI:  Not from the Defense at this point.

THE COURT:  The Court finds valid excludable time under the Speedy Trial Act, and then sets the next date for February 12th, absent further order of the Court and further schedules proposed by the parties.  And that would be at 1:30 p.m.

MR. SHEPPARD:  Thank you, your Honor.

THE COURT:  Thank you.

MR PARMLEY:  Thank you, your Honor.

MR. BARRY:  Thank you, you Honor.

MR. CONFORTI:  Thank you.

(Proceedings concluded.)

11

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/Chinago Okonta                    3/2/2026
Transcriber                          Date

FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

/s/L.L. Francisco
L.L. Francisco, President
Echo Reporting, Inc.