UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 23CR1471-H |
| | ) | |
| Plaintiff, | ) | San Diego, California |
| | ) | |
| vs. | ) | Monday, |
| | ) | April 22, 2024 |
| JINCHAO WEI, | ) | 1:30 p.m. |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:          ADAM P. BARRY, ESQ.
                            United States Attorney's Office
                            601 D Street, Northwest
                            Washington, DC 20579

                            JOHN N. PARMLEY, ESQ.
                            FRED A. SHEPPARD, ESQ.
                            United States Attorney's Office
                            880 Front Street
                            Suite 6293
                            (619) 557-5610

For Defendant:              JASON T. CONFORTI, ESQ.
                            Law Office of Jason T. Conforti
                            600 West Broadway
                            Suite 700
                            San Diego, California 92101
                            (619) 274-8036

Transcript Ordered by:      TODD W. BURNS, ESQ.


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

*Echo Reporting, Inc.*

ii

```
Court Recorder:              Lynnette Lawrence
                             United States District Court
                             333 West Broadway
                             San Diego, California 92101

Transcriber:                 Chinago Okonta
                             Echo Reporting, Inc.
                             9711 Cactus Street, Suite B
                             Lakeside, California 92101
                             (858) 453-7590
```

1

SAN DIEGO, CALIFORNIA  MONDAY, APRIL 22, 2024 1:30 P.M.

--oOo--

THE CLERK:  Calling matter number 5, 23CR1471, United States of America versus Jinchao Wei, for a motion hearing.

MR. CONFORTI:  Good morning, your Honor.  Jason Conforti on behalf of Mr. Wei, who's in custody and will be present shortly.

THE COURT:  Good afternoon.

MR. BARRY:  Good afternoon, your Honor.  Adam Barry, John Parmley, and Fred Sheppard on behalf of the Government.

THE COURT:  Good afternoon.

Good afternoon.  On March 2024, the Court issued a scheduling order permitting the Defense to file a reply, if any, to the FISA briefing.  The parties had -- the Defense had filed the motion, the Government had filed a classified and an unclassified response to the motion, and I have not yet received any reply.  I had my courtroom deputy contact both sides to see if there was going to be a reply.

Mr. Conforti, having reviewed the status of the record, are you satisfied with the Court proceeding without additional briefing?

MR. CONFORTI:  I am, your Honor.

THE COURT:  Thank you.  All right.  So this is your

2

motion.  Do you wish to argue the motion or submit?

MR. CONFORTI:  I would submit on the briefing unless the Court has further questions.  I think the Court indicated in the last hearing that you had received mine, you had received the Government's oppositions, the two that you had mentioned, the classified and unclassified versions, and it was -- the Court was of the mind of the Defense -- the Government's pleadings being persuasive in the opposition. Understanding that position, I would just stand by my briefing and ask the Court to make those orders.

THE COURT:  Thank you.

And does the Government wish to supplement its record at all?

MR. BARRY:  No, your Honor.  We believe that the issues are fully briefed and ready for disposition.

THE COURT:  Thank you.

The Court has conducted an in-camera ex parte review of the FISA materials and the Government's classified submission.  Following a thorough review of those materials, the Court finds that the electronic surveillance and physical search at issue in this case were both lawfully authorized and lawfully conducted.  The disclosure of the FISA materials and the Government's classified submissions to the Defendant is not authorized because the Court is able to make an accurate determination of the legality of the surveillance without

3

disclosing the FISA materials that are pertinent to this case or any portions thereof that are pertinent to this case.  The Court further finds that the fruits of the electronic surveillance and physical search should not be suppressed, and the Court denies the Defendant's motions without an evidentiary hearing.  I haven't seen anything in the papers or in the Court's in-camera review that would suggest that the record would be better if we held an evidentiary hearing on this matter.  And then the Court finally orders that the FISA materials and the Government's classified submissions be maintained under seal by the classified information security officer or his or her designee.

Having made those findings, what is the next step in the litigation?

MR. BARRY:  So the next significant date is that on May 31st, the Government will be filing its Classified Information Procedures Act filings.  Similar to the FISA opposition, those will be submitted ex parte and under seal. And that's also the date by which the Defendant would file any other pre-trial motions.

THE COURT:  And having now reviewed the status of the record, does that date work for the Defense as well?

MR. CONFORTI:  As of now, yes, your Honor.  If something were to come up in the short term, I would reach out to the Government about modifying the final order.

4

THE COURT:  And then we also have -- then June 21, 2024, the deadline for responses to pre-trial motions.  Those are motions other than motions in limine or disclosure of experts, anything related to the experts.  We have set a date for August 12, 2024, at 1:30 for the pre-trial motion hearing.  So far, that date -- and let me just check my calendar -- works for me.  And then we have October 17, 2024, the deadline for the parties to file expert disclosures, if any, under Rule 16 of the Federal Rules of Criminal Procedure.  We have November 4, the deadline for the parties to file motions in limine.  We have November 18, 2024, deadline for the parties to file oppositions to the motions in limine.  Typically, I don't have replies to the motions in limine, but in this case, I did provide a date, an optional date, of November 25, 2024.  You're not compelled to file a reply, because typically I don't do that, but if you wish to, then file it by November 25, 2024.  And then December 2 for the motions in limine hearing.  I don't know if we have a time for that.  We could do that at 1:30.  Does that work?  Then we have the afternoon clear.

MR. BARRY:  That would be fine, your Honor.

THE COURT:  Does that work for the Defense?

MR. CONFORTI:  It does, your Honor.  Thank you.

THE COURT:  And then we have December 3, 2024, for the jury trial.  Do we need extra jurors, or how long do the

5

parties anticipate the trial to take?  Do you think one week? Do you think two weeks?

MR. BARRY:  I would imagine that the Government's case-in-chief would take approximately five to seven trial days.  I don't anticipate this going -- assuming the rules are still the same -- for a two-week -- for an extended panel.  I don't believe that would be the case, nor do I think that we would need more than two or three alternates.  So I don't believe there would be anything special needing.  I would defer to the Defense if they have different views.

MR. CONFORTI:  I would agree with respect to potential jurors.

THE COURT:  Okay.  All right.  So are there any additions or challenges to the Court's scheduling order?

MR. BARRY:  Not from the Government, your Honor.

MR. CONFORTI:  Not at this point, your Honor.

THE COURT:  The Court continues to make a finding that the case is complex, and that if there are any additional motions for the Court to consider, you can meet and confer and then propose a schedule if it differs from the schedule already proposed.  Anything -- and the Court finds valid excludable time under the Speedy Trial Act, both in the interest of justice and due to the fact that the case is complex.

What's the status of discovery matters?  Does that

6

depend on the CIPA filings?

MR. BARRY:  The vast majority of discovery has already been produced, your Honor.  One of the complexities of the case is that there is some classified material that we will not be handling under the CIPA procedures, but for which we've declassified it or are in the process of declassifying it.  Some of that material has already been turned over to the Defense.  There's a little bit that's sort of lingering that we're working through right now.  The Government's intention is that in advance of the CIPA filing, we will be able to push that remaining discovery out, but especially for the material that has to be declassified, there are other components of the Government that are involved in that process, so it takes a little bit more time.

THE COURT:  And do you anticipate for the jury trial, if it goes there, that all of the documents will be available to the jury?  None will be classified?

MR. BARRY:  There will not be any classified material.  I think we're still working through for some of the export control data and what format that would be made available.  I think --

THE COURT:  Does there need to be -- I think many years ago, I had an Export Control Act one, and we had to give some special warning in the -- when we went to that issue.  Would you make sure that the Court is abreast of all current

7

rules and regulations?

MR. BARRY:  Certainly, your Honor.  We could brief that either in motions in limine or at least in anticipation of trial to ensure that the Defendant also is comfortable with whatever warning you might be giving.

THE COURT:  All right.  Thank you.

Anything further for the Court to handle this afternoon?

MR. BARRY:  Not from the Government, your Honor.

MR. CONFORTI:  Not from the Defense, your Honor. Thank you.

THE COURT:  Thank you.  We're in recess.

(Proceedings concluded.)

8

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/Chinago Okonta                    3/2/2026
Transcriber                          Date

FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

/s/L.L. Francisco
L.L. Francisco, President
Echo Reporting, Inc.